[No. 23499. *En Banc.* December 15, 1931.]

THE STATE OF WASHINGTON, *on the Relation of August Buschmann et al., Plaintiff*, v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al., Respondents.*[1]

*Raymond D. Ogden* and *Ward Wm. Roney,* for relators.

*Adams & Driver,* for respondents.

[1]Reported in 5 P. (2d) 1041.

MITCHELL, J.—A. J. Lavell and I. P. McElhaney, as receivers of the Western Cold Storage Co., a corporation, with its residence and principal place of business at Wenatchee, brought an action in the superior court for Chelan county against the Independent Fruit Shippers, a corporation, resident of that county, for an accounting of its operations under an oral contract between the Western Cold Storage Co. and the Independent Fruit Shippers for the storage and sale of apples at Wenatchee during the apple season of 1929-30. It was alleged that the defendant was indebted in an amount not definitely known, but approximately thirty thousand dollars, and had refused to account.

The Independent Fruit Shippers answered, denying all indebtedness and denying certain terms of the oral contract as pled; and, by way of counterclaim and cross-complaint against plaintiffs and one August Buschmann and his wife, set up its version of the oral contract alleged to have been made by and between the Western Cold Storage Co., through its officers Wm. C. Brown and August Buschmann, and August Buschmann on his own individual account, on the one side, and the Independent Fruit Shippers on the other side, for the storage and sale of apples during the season mentioned; and further alleged a breach of the contract by the Western Cold Storage Co. and August Buschmann in certain particulars named, asking for an accounting, and for damages in the sum of fifty thousand dollars. No answer has been filed to the cross-complaint.

August Buschmann and wife, who are residents of King county, appeared in the action in the superior court by filing a demurrer to the cross-complaint and by filing several motions against it, one of which was for a change of venue to King county on account of their residence. The motion for a change of venue was

denied. Thereupon, Buschmann and wife commenced the present proceedings in this court by filing a petition for a writ of review of the order denying a change of venue.

On the return day of a show cause order or alternative writ, the parties have filed herein a written stipulation, reciting in substance that the petition and affidavit of the relator August Buschmann herein sets forth all of the record of the superior court, material to the determination of the motion for a change of venue, except a certain bill of particulars filed in the cause in the superior court and later filed herein, which together may be considered in the nature of a return, as though a writ had issued, and upon which there may be a determination of the proceeding in this court upon the merits. The respondent has filed a demurrer to the petition, to the effect that it does not state facts sufficient to justify the granting of any relief.

The bill of particulars referred to was furnished in the trial court to make an allegation of the receivers' complaint in that court more definite by stating that, in making the oral contract set up in the complaint, the Western Cold Storage Co. was represented by its officers Wm. C. Brown and August Buschmann, and that the Independent Fruit Shippers was represented by its officers J. B. Adams and H. J. Delfield.

The gist of the contention on the part of Buschmann and wife is that, by the terms of the complaint, they were not involved as parties; that, by the cross-complaint, it is alleged Buschmann breached an oral contract set up by the Independent Fruit Shippers, to its damage in the sum of fifty thousand dollars, in which amount judgment is demanded against Buschmann and wife, without any prayer for a like judgment against the receivers of the Western Cold Storage Co.; that the cause of action stated in the cross-complaint is

separate and distinct from the cause of action stated in the complaint of the receivers; that what the Independent Fruit Shippers seek is that, if the receivers recover judgment against it in their action for an accounting, then the Independent Fruit Shippers will ask that any judgment it might recover against Buschmann and wife be ordered by the court to satisfy the judgment in favor of the receivers, which it is claimed is improper because of the independence of the respective causes of action and difference in the parties to such actions; that the cause of action set up in the cross-complaint is a transitory one, and that relators are entitled to have it tried in the county in which they reside.

The relators' definition of the pleadings is too narrow. The cause of action stated in the complaint of the receivers and the one stated in the cross-complaint manifestly arise out of the same transactions that occurred under the oral contract to which, according to the allegations of the cross-complaint, the two corporations and Buschmann were all parties. Contrary to the relators' contention, the cross-complaint is not simply a complaint against Buschmann and wife. Upon its face, it is stated to be "by way of counterclaim and cross-complaint against plaintiffs in the action and against Buschmann and wife." It alleges, in effect, that the oral contract was made by the Western Cold Storage Co. and Buschmann, for himself and his wife, on the one side, with the Independent Fruit Shippers on the other, and that the other parties breached the contract to the damage of the Independent Fruit Shippers, for which they, among other things, demand judgment and an accounting, together with "such other and further relief as to the court may seem proper in the premises."

It is a case wherein, whether according to the com-

mon liberality of construction of procedural statutes or the rule in equity, it must be held that all of the parties according to the allegations of the cross-complaint are connected with the controversy in such way as to make them necessary parties to a full and complete determination and settlement of the questions involved, which should be disposed of in this action so as to avoid a multiplicity of suits.

The alternative writ heretofore issued will be quashed, and the proceedings in this court dismissed.

All concur.